UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| KAYLIN G. CHAUDRON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>EDWARD JONES & CO L.P. and )<br>METROPOLITAN LIFE INSURANCE )<br>COMPANY, )<br>)<br>Defendants. ) | 2:25-CV-73 |

**ORDER**

Plaintiff has filed a second Motion to Amend Complaint[1] [Doc. 15] seeking leave to amend the causes of action and damages section of her Complaint. [Doc. 1]. Defendants filed a Response [Doc. 18] opposing Plaintiff's motion, to which Plaintiff filed a Reply [Doc. 21]. This matter is before the undersigned pursuant to 28 U.S.C. § 636(b) and the standing orders of the District Court and is now ripe for disposition. For the reasons stated herein, Plaintiff's Motion [Doc. 15] is **DENIED**.

**I. FACTUAL OVERVIEW AND PROCEDURAL HISTORY**

Plaintiff's husband, Michael Chaudron, died on September 27, 2024, and Plaintiff then submitted a claim for life insurance and short-term disability benefits to Defendants. [Doc. 1, p. 7]. Defendants denied the claim for life insurance benefits on October 31, 2024, asserting that Mr. Chaudron did not satisfy the waiting period required to be eligible for life insurance benefits.[2] *Id.*

---

[1] Plaintiff's first Motion to Amend Complaint [Doc. 12] was denied without prejudice on procedural grounds. [Doc. 14].
[2] Plaintiff's Complaint asserts that Plaintiff has not received a decision from Defendants regarding the claim for

As a result, Plaintiff filed the instant action on April 29, 2025. In her original Complaint, Plaintiff asserted as her causes of action that "Defendants have violated the provisions and requirements of ERISA, 29 U.S.C. § 2001 *et seq.*, have breached their fiduciary duties, and breached the terms of the contracts for life insurance and [short-term disability] benefits…" Plaintiff now seeks leave to amend the causes of action and damages section of her complaint to assert additional claims for relief. [Doc. 15]. Specifically, Plaintiff seeks to add a claim for breach of fiduciary duty pursuant to ERISA's catch-all provision and a claim for ERISA civil penalties based upon Defendant Edward Jones's failure to provide the complete ERISA file to Plaintiff. The proposed amended complaint also states Plaintiff "seeks relief and damages against Defendants under state and federal law…to the extent deemed applicable and appropriate." [Doc. 15-1, ¶ 30.6]. Defendants oppose Plaintiff's request, arguing that the proposed amendments are futile. [Doc. 18].

## II. LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure permits the amendment of a pleading within 21 days of service or thereafter with the opposing party's written consent or leave of the court. Leave should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). Motions for leave to amend are routinely granted based on the principle that cases should be tried on the merits rather than on procedural technicalities. *Inge v. Rock Fin. Corp.*, 338 F.3d 930, 936 (6th Cir. 2004). A trial court has broad discretion to determine whether leave to amend a pleading should be granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Because Rule 15(a)(2) directs courts to 'freely give leave when justice so requires,' the rule embodies a 'liberal amendment policy.'" *Knox Trailers, Inc. v. Clark*, No.3:20-cv-137, 2020 WL 12572938, at *1 (E.D. Tenn. Nov. 19, 2020) (citing *Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016)). At the same time,

---

short-term disability benefits. [Doc. 1, ¶ 22].

amendment is not appropriate where there is a finding of bad faith, undue delay, or repeated failure to cure deficiencies by amendments previously allowed, or if permitting the amendment would cause undue prejudice to the opposing party or be futile. *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[A] proposed amendment may be denied as futile if it could not withstand a Rule 12(b)(6) motion to dismiss." *Cash-Darling v. Recycling Equip., Inc.*, No. 2:19-CV-00034-JRG, 2019 WL 13120191, at *2 (E.D. Tenn. July 17, 2019) (citing *PFS HR Solutions, LLC v. Black Wolf Consulting, Inc.*, No. 1:17-cv-277-JRG-SKL, 2018 WL 5263031, at *2 (E.D. Tenn. June 28, 2018)). In determining whether a proposed amendment could withstand a Rule 12(b)(6) motion to dismiss, the court must determine whether the proposed complaint, construed in the light most favorable to the plaintiff, contains "'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At this juncture, it is not for the court to determine whether the plaintiff will ultimately prevail on her proposed amended claims, but whether she "'is entitled to offer evidence to support the claim.'" *Id.* (quoting *PFS HR Solutions*, 2018 WL 5263031, at *2).

**III. POSITION OF THE PARTIES**

Defendants argue that each of Plaintiff's proposed additional claims is futile, meaning that her motion to amend should be denied in its entirety. Specifically, Defendants argue that a breach of fiduciary duty claim may only be brought in addition to a claim for benefits to address a separate and distinct injury from the one giving rise to the § 1132(a)(1)(B) suit, i.e., denial of a claim for benefits, or where § 1132(a)(1)(B) relief is "otherwise inadequate" which requires an affirmative showing that § 1132(a)(1)(B) relief fails as a make-whole remedy. [Doc. 18, p. 5-6]. Defendants assert that Plaintiff's claim for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) and her proposed

claim for breach of fiduciary duty under ERISA's catch-all provision, § 1132(a)(3), are based on the same facts and injury and that Plaintiff has made no showing that relief under § 1132(a)(1)(B) would fail to make her whole. As such, Defendants contend that Plaintiff's breach of fiduciary duty claim could not survive a Rule 12(b)(6) motion to dismiss and, as such, is futile. *Id.* at p. 8.

Defendants also assert that Plaintiff's claim for ERISA civil penalties is futile because "failure to provide 'the entire ERISA record' is not a viable claim under Sixth Circuit case law." *Id.* at p. 9. Defendants argue that such claims are only applicable for failure to provide specific documents expressly enumerated under § 1024(b)(4), and a penalty claim "cannot be asserted as to claim documentation and administrative record documents required to be provided only under the claims procedure regulation…" *Id.* Defendants contend that Plaintiff's claim for civil penalties is based upon an alleged failure to provide the ERISA claim review record and does not allege a failure to provide any of the documents listed in § 1024(b)(4). For these reasons, Defendants assert that permitting Plaintiff to add this claim would also be futile.

Finally, Defendants take issue with Plaintiff's inclusion of a generic request for relief and damages under state and federal law. *Id.* at 10. Defendants state that it is unclear whether Plaintiff is asserting any claims under state law but note that it is undisputed that the plan at issue is governed by ERISA and therefore any potential state law claims are preempted by ERISA. *Id.*

In response to Defendant's arguments, Plaintiff first states that the standard for futility is high, and that Defendants are prematurely asking the court to evaluate the merits of her claims and not merely whether she asserts plausible claims. [Doc. 21, p. 1-2]. Further, Plaintiff asserts that her breach of fiduciary duty claim is "distinct from, and not derivative of, the denial of benefits." *Id.* at p. 4. More specifically, Plaintiff argues that in addition to the failure to pay benefits, she may be entitled to a separate remedy based on the actions and omissions of Defendants in handling this

claim. *Id.* Plaintiff contends that these actions and omissions support a claim that is separate, distinct, and independent from her denial of benefits claim, therefore, she should be permitted to pursue both claims. [Doc. 21, p. 5]. Plaintiff also argues that the scope of documents subject to disclosure pursuant to 29 U.S.C. § 1132(c) is not as narrow as Defendants claim. *Id.* at p. 6. To the contrary, Plaintiff contends that civil penalties may be assessed for failure to produce documents that are "maintained by the plan administrator and are essential for a full and fair review." *Id.* Further, Plaintiff clarifies that she has specifically alleged that Edward Jones is the plan administrator as defined by 29 U.S.C. § 1002(16). Because only a plan administrator can be liable under § 1132(c), Plaintiff specifically asserts that Defendant Edward Jones may be liable for civil penalties for failure to provide documents essential for a full and fair claim review. *Id.* at p. 9.

Finally, Plaintiff asserts that Defendants' argument regarding her request for relief relating to any potential state law remedies mischaracterizes her general reservation of legal theories. *Id.* Plaintiff explains that her brief reference to state and federal law is intended as nothing more than a general reservation of rights contingent upon the court's determination of what legal theories are applicable. *Id.* Plaintiff further clarifies that she is not attempting to obtain remedies beyond the scope of ERISA but does want to preserve her position should the court conclude that any aspect of this case implicates separate state-law duties or claims. *Id.* at p. 10.

## IV. ANALYSIS

### A. Breach of Fiduciary Duty Claim

The Court will first address whether permitting Plaintiff to add a claim for breach of fiduciary duty under ERISA's "catch-all provision," 29 U.S.C. § 1132(a)(3) would be futile. Defendant argues it is, asserting that Plaintiff has not identified a "separate and distinct" injury from the denial of benefits. [Doc. 18, p. 5]. In support, Defendant likens this case to *Rochow v.*

*Life Ins. Co. of N. Am.*, 780 F.3d 364 (6th Cir. 2015). There, the Sixth Circuit held that Rochow could not bring a breach of fiduciary claim alongside his claim for payment of benefits because the only injury Rochow asserted was the denial of benefits and the withholding of those same benefits. *Id.* at 373. Essentially, the *Rochow* court determined that Rochow's claim for withholding benefits was duplicative of his claim for denial of benefits because he "was able to avail himself of an adequate remedy for LINA's wrongful denial of benefits pursuant to § 502(a)(1)(B), [so] he cannot obtain relief for that same injury under § 502(a)(3)." *Id.* But the Sixth Circuit has explained that a claim for an equitable remedy pursuant to § 1132(a)(3) is not necessarily a "repackaged denial of benefits claim" simply because it could be resolved if a § 1132(a)(1)(B) claim is resolved in a plaintiff's favor. *See Gore v. El Paso Energy Corp. Long Term Disability Plan,* 477 F.3d 833 (6th Cir. 2007).

Here, Plaintiff asserts that if she is permitted to pursue only a claim for failure to pay benefits, "the actions and omissions of the Defendants in handling the claim—both individually and collectively—would possibly be left unaddressed…depriv[ing] Plaintiff of a meaningful remedy." [Doc. 21, p. 4]. Specifically, Plaintiff asserts that the plan administrator, Defendant Edward Jones, "misrepresented material facts in the handling of the claim…" and Defendant MetLife failed to investigate the veracity of Edward Jones's representations. *Id.* Plaintiff contends that, due to these alleged misrepresentations, she has suffered special damages apart from the failure to pay benefits. *Id.* at p. 5. Plaintiff alleges that those damages include both her and her children losing business, educational, and economic opportunities, along with other injuries and damages, and Plaintiff incurring attorney fees. *Id.* Plaintiff notes that if her claim for benefits is unsuccessful and she is not permitted to bring a separate breach of fiduciary duty claim she may be left "without recourse for conduct that ERISA is designed to remedy." *Id.* Plaintiff further

asserts that if she is unsuccessful on her claim for benefits under § 1132(a)(1)(B), she may also be entitled to the equitable relief of refunded insurance premiums pursuant to § 1132(a)(3). [Doc. 21, p. 6, n.2].

In considering whether Plaintiff should be permitted to add claims for relief pursuant to § 1132(g)(1), ERISA's catch-all provision, the Court first notes that the prevailing party in an ERISA action may obtain an award of attorney fees under § 1132(g)(1). As such, the Court finds that Plaintiff would not be entitled to separately assert a claim under § 1132(a)(3) for the attorney fees she has incurred in pursuing her claims against Defendants, meaning that to permit this amendment would be futile.

The Court next turns to Plaintiff's request for a refund of insurance premiums should she not prevail on her claim for payment of life insurance and disability benefits. Plaintiff asserts that if she is not successful on her claim for benefits, "a claim for premium refund would be one type of equitable damages under § 1132(a)(3) that could be considered by the Court." [Doc. 21, p. 6, n. 2]. Despite Plaintiff's characterization of the return of premiums as equitable relief, such a claim is generally viewed as legal, not equitable, relief. *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002). As such, the Court cannot find that Plaintiff's request for a premium refund constitutes a colorable claim for equitable relief as contemplated by §1132(a)(3) and must in turn find that permitting Plaintiff to amend to add this claim would be futile.

The Court now turns to Plaintiff's request that she be awarded damages pursuant to § 1132(a)(3) for losses of business, educational, and economic opportunities, along with other injuries and damages, she and her children are alleged to have suffered. In doing so, the Court first observes that Plaintiff has provided no factual support for her assertions that she and her children have sustained the losses alleged. Rather, these are barebones allegations. Moreover, Plaintiff is

seeking to recover damages that are compensatory in nature, which are not recoverable under § 1132(a)(3). *Allender v. Inter-City Products Corporation,* 152 F.3d 544, 552 (6th Cir. 1998) (holding that suits for compensatory damages are not authorized under § 1132(a)(3) as they do not constitute equitable relief).

While Plaintiff points to the case of *Harris-Frye v. United of Omaha Life Ins. Co.*, No. 1:14-CV-72, 2015 WL 5562196 (E.D. Tenn. Sept. 21, 2015) in support of her request to add these grounds for relief, the Court finds Plaintiff's reliance to be misplaced. Although there are similarities between the facts in *Harris-Frye* and the case at hand, there are also important differences. The *Harris-Frye* case did involve a claim for life insurance proceeds, and in that case, the plaintiff claimed that decedent's life insurance coverage had not lapsed at the time of his death because decedent's premiums were waived during the time that he had been disabled prior to his death. *Id.* at 6. However, the plaintiff alternatively alleged that because defendant insurance company had mistakenly continued to withdraw life insurance premiums from the account of decedent's mother, they should be estopped from denying coverage. *Id.* at 7. The district court permitted the plaintiff to pursue a separate claim under § 1132(a)(3) as to the estoppel argument, finding that it was a separate and distinct claim. Importantly, the ultimate relief sought by the *Harris-Frye* plaintiff under both theories was simply payment of the life insurance proceeds. The plaintiff's claim under § 1132(a)(3) was for reformation of the life insurance policy under an equitable theory of relief, which has specifically been found to be a proper claim pursuant to § 1132(a)(3). *Cigna Corp. v. Amara,* 563 U.S. 421, 440 (2011). Although the reformation would have resulted in monetary payment to the plaintiff, the requested relief itself was not monetary but instead was for reformation through estoppel. In the case at hand, Plaintiff is not seeking such indirect monetary relief but rather is attempting to obtain compensatory damages which are not

equitable in nature, meaning they are not available to her via § 1132(a)(3). In other words, it is not the fact that Plaintiff is attempting to pursue a separate claim that is fatal to the request for amendment, but instead the type of relief that Plaintiff is seeking. As such, the Court must find that it would be futile to permit Plaintiff to assert these claims for relief.

   B. Claim for ERISA Civil Penalties

The Court now turns to the question of whether Plaintiff should be permitted to amend her complaint to assert a claim for ERISA civil penalties due to Defendants' failure to provide documents "relevant to this claim [for benefits] generally and the eligibility for benefits specifically." [Doc. 7, p. 7]. Defendants contend that such civil penalties are only applicable when a failure to provide documents expressly enumerated in § 1024(b)(4) is alleged and assert that Plaintiff has not done so here.[3] Defendants point to *Hiney Printing Co. v. Brantner*, 243 F.3d 956 (6th Cir. 2001) to support this contention. Defendants argue that in *Hiney*, the Sixth Circuit "made abundantly clear that claims under § 1132(c), as putative claims, are limited to the documents expressly enumerated under § 1024(b)(4)." [Doc. 19, p. 9] (citing *Hiney*, 243 F.3d at 960). However, this Court does not view the *Hiney* court's instruction as quite so clear. There, the Sixth Circuit stated that "ERISA imposes particular duties on a plan administrator to provide information to a plan participant." *Hiney*, 243 F.3d at 960. While the *Hiney* court did go on to state that a plan administrator "specifically" has a duty to provide the documents enumerated on § 1024(b)(4), it did not say the duty to provide documentation is limited to only these documents. *Id.* And the ultimate determination that Hiney was not entitled to civil penalties for failure to disclose did not rest on the conclusion that the documents requested were not of the type that entitle a party to such

---

[3] The documents enumerated in § 1024(b)(4) are "the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." 29 U.S.C.A. § 1024 (West).

penalties. *Id.* at 961. Rather, it was because the party from whom Hiney sought to obtain civil penalties for failure to disclose was not the plan administrator within the meaning of ERISA. *Id.* Absent a clearer statement that civil penalties are only permitted when a plan administrator fails to disclose the documents enumerated in § 1024(b)(4), the Court cannot determine that *Hiney* renders Plaintiff's claim for civil penalties futile at this juncture.

Defendant also relies upon *Butler v. United Healthcare of Tennessee, Inc.*, 764 F.3d 563 (6th Cir. 2014) to support this proposition. In *Butler*, the district court assessed civil penalties for failure to disclosure information against United Healthcare. *Id.* at 569-70. The Sixth Circuit reversed, but like in *Hiney*, this decision was based on the fact that United Healthcare was not the plan administrator within the meaning of ERISA, rather than because civil penalties are only appropriate when the documents specified in § 1024(b)(4) are withheld. *Id.* at 570. Because United was not the plan administrator, the district court "had no authority to impose penalties against it under [§ 1132(c)]."[4] *Id.*

Although the Court finds the caselaw cited by Defendants does not definitively demonstrate that Plaintiff's proposed amendment seeking civil remedies is futile, the Court must still determine whether Plaintiff has asserted a plausible claim for civil penalties pursuant to § 1132(c).[5] Plaintiff asserts that § 1132(c) requires the plan administrator, in this case Edward Jones, to provide all documents related to the denial of a claim so that the claimant may conduct a full

---

[4] Defendant's Response makes a passing reference to the claim that "a violation of section 1133 by the plan administrator does not impose liability…pursuant to section 1132(c)…" [Doc. 18, p. 9] (citing *VanderKlok v. Provident Life & Acc. Ins. Co.*, 956 F.2d 610, 618 (6th Cir. 1992). However, Defendant does not argue that the conduct Plaintiff has identified is actually a violation of § 1133, so the Court will not analyze that issue.

[5] Plaintiff asserts that Defendants violated the requirement to provide a claimant reasonable access to all documents, records, and other information relevant to the claim for benefits during the claim review process set forth in 29 CFR § 2560.503-1(h)(2)(iii) and therefore civil penalties are appropriate. [Doc. 21, p. 6-7]. However, § 1132(c) makes no reference to the obligations imposed by 29 CFR § 2560.503-1(h)(2)(iii), and the Sixth Circuit has consistently held that this regulation imposes duties on the plan, not the plan administrator. *Jordan v. Tyson Foods, Inc.*, 312 F. App'x 726, 736 (6th Cir. 2008).

and fair review of the denial. [Doc. 21, p. 6-7]. A plain reading of § 1132(c) indicates otherwise. *See United States v. Choice*, 201 F.3d 837, 840 (6th Cir. 2000) (stating that statutory interpretation should be based on the plain language of the statute if the language is clear). This section is very specific in requiring the plan administrator to provide *plan* documents. There is no mention whatsoever in that section of a duty to provide *claim* documents. Instead, the requirement that claim documents be provided for the purpose of a full and fair review of a denial is required by § 1133, which imposes such duty on the *plan*, not the *plan administrator*. *See Wallace v. Oakwood Healthcare, Inc.*, 954 F. 4th 879, 887 (6th Cir. 2020). Further, Plaintiff has pointed to no case or statutory law to support her claim that a failure to provide all documents necessary for "a full and fair review" would subject Defendants to civil penalties under § 1132(c). Finally, Plaintiff has not clearly stated what documents she requested from Defendants that were not provided, making it impossible for the Court to determine whether Plaintiff has set forth a plausible claim for civil penalties pursuant to § 1132(c). *See* [Doc. 21, p. 7]. As such, the Court finds that Plaintiff has not set forth a plausible claim for civil penalties pursuant to § 1132(c), making it futile for the Court to permit this proposed amendment.

### C. Inclusion of General Reservation of Rights Clause

Finally, the Court must determine whether Plaintiff should be permitted to amend her complaint to include generic language requesting relief and damages under state and federal law as the court may deem appropriate. Defendants are correct that an amendment to the complaint to assert a general reservation of the right to pursue state law claims in this action, which the parties agree is governed by ERISA, would be futile. Further, Plaintiff's original Complaint states that "Plaintiff seeks damages against Defendants as deemed applicable and appropriate by this Honorable Court under any and all proven theories of liability and recovery." [Doc. 1, p. 20-21].

As such, the Court finds that Plaintiff has already included a general reservation of rights provision in her original Complaint and permitting her to amend to assert that the reservation includes both federal and state law claims is unnecessary, and as to a reservation of rights as to state law claims, would be futile.

## V. CONCLUSION

Based upon the foregoing, the Court must find that Plaintiff's proposed amendments are futile at this juncture. Accordingly, Plaintiff's Motion [Doc. 15] is **DENIED**.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge